(103 So. 254)

No. 24915.

## PUTNAM et al. v. PONS et al.

(Feb. 2, 1925. Rehearing Denied March 2, 1925.)

*(Syllabus by Editorial Staff.)*

**Attorney and client** ☞149—**Attorney's contract to secure judgment in interdiction held not complied with.**

Contract by which attorney for a contingent fee undertook to secure a judgment of interdiction in Supreme Court, while case was then pending on appeal from judgment of dismissal, *held* not complied with, where he merely secured a remand there.

Thompson, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Mrs. Camilla Davis Putnam, widow of William S. Parkerson, and others, against Mrs. Alice Pons, wife of Armand Veazey, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Merrick & Schwarz, of New Orleans, for appellants.

Dart & Dart, of New Orleans, for appellees.

BRUNOT, J. This suit is upon the following contract:

"New Orleans, April 4th, 1914.

"In re Interdiction of Mrs. Marie Madeline Pons.

"We agree to employ W. S. Parkerson, in the conduct of this case in the Supreme Court and such other services in connection therewith as he may be called upon to aid and assist Messrs. Lazarus, Michel & Lazarus, for the sum of five thousand ($5,000.00) dollars, contingent upon the success of the interdiction proceedings in the Supreme Court, or in case the proceedings are terminated by the death of the said Mrs. Marie Madeline Pons, that the said amount shall be paid to him out of her estate."

When the foregoing contract was entered into the case was then pending in the Supreme Court on appeal from a judgment dismissing the suit for interdiction. Mr. Parkerson prepared the brief and argued the case before this court on appeal, and succeeded in setting aside the judgment of the Civil District Court and securing the remand of the case to be tried in accordance with the views expressed in that opinion. A motion for rehearing was applied for and granted, and Mr. Parkerson also represented his clients on the rehearing, but, pending the decision thereon, Mr. Parkerson died. After Mr. Parkerson's death, the court handed down its opinion on rehearing, amending the original decree to some extent and holding that:

"If the defendant now before the court be insane, and was insane during the trial in the district court, how can the court escape the discharge of the duty, imposed by the lawmaker in mandatory terms, of so declaring, in order that she may obtain the benefit, with respect to her person and property, of the protection which the law contemplates, and will then secure her. As matters stand at present, she herself is under the protection of sheriffs, or police officers, acting under the authority of the court, and her property is being cared for by an administrator pro tempore; but the law confers upon the courts no authority to perpetuate indefinitely such an arrangement; and the question suggests itself, What is to happen should they take off their hands and leave their ward and her estate with no one legally authorized to care for the one or to administer the other? We know of no satisfactory answer to that question, and we conclude that the decree of interdiction must be pronounced, *but not by this court, at this moment, or by the district court.* We are satisfied, as we have stated, that the defendant is, now, a proper subject for interdiction, but we are not satisfied that she was *so at* the time that this suit was instituted, since the testimony of a large number of witnesses was tendered, as capable of showing that, up to the moment of the institution of this suit, she was not in her present condition, but was able to take care of her person and manage her af-

fairs, and that testimony was excluded, thereby, as we think, leaving at large the question of the time at which she became incapacitated, and perhaps of the immediate cause thereof." (Italics ours.) 137 La. 25, 68 So. 201.

The decision of this court does not interdict Mrs. Pons, and therefore plaintiff's husband did not achieve the success contemplated by the contract. All that the judgment actually decrees is a remand for a new trial upon lines indicated by the court. Pending this trial the defendant died and the case ended. As Mr. Parkerson died before the defendant, the second clause of the contract has no force and need not be considered.

It is urged that, inasmuch as Mr. Parkerson secured a remand of the case, he substantially complied with the contract, and therefore his widow is entitled to recover under it. Mr. Parkerson's fee was contingent upon securing a judgment of interdiction in the Supreme Court. He merely secured a remand of the case and left the obligation assumed by him only partially performed. Under these circumstances there is no merit in plaintiff's contention.

For these reasons we concur in the conclusion of the trial judge and the judgment appealed from is therefore affirmed, at appellant's cost.

THOMPSON, J., dissents.